UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
Diane Kleiman,

                                  Plaintiff,     MEMORANDUM RULING
      -against-                                  AND ORDER
                                                              Case No. 03-3829 (TLM)

Paul O'Neill,

                                  Defendant,
--------------------------------------------------------------- X

**TUCKER L. MELANÇON, Senior United States District Judge:**

Before the Court are defendant's Omnibus Motion in Limine [Rec. Doc. 137] and plaintiff's Memorandum in Opposition thereto [Rec. Doc. 140]. For the reasons that follow, defendant's Motion will be GRANTED IN PART and DENIED IN PART.

**I.    Background**

Plaintiff began working for the United States Customs Service ("Customs") on March 16, 1998 and her employment was terminated on July 9, 1999. Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that she was subjected to a hostile work environment, wrongfully terminated on the basis of her gender and religion, and retaliated against for (1) attempting to file an EEO complaint; (2) engaging in whistleblower activity; and (3) refusing to obey an unlawful order.

**II.    Discussion**

    A.    Evidence Relating to Plaintiff's Simulated Reference Check

Defendant moves to exclude evidence relating to a telephone call between Marvin Walker, a Customs employee, and Linda Oparnica, an investigator hired by plaintiff to pose as a prospective employer to see if Customs would provide a negative reference. Defendant argues that the

conversation is irrelevant because plaintiff has withdrawn her Privacy Act claim. However, if defendant asserts at trial that plaintiff failed to mitigate the damages resulting from her Title VII claim by "using reasonable diligence in finding other suitable employment," *Dailey v. Societe Generale,* 108 F.3d 451, 455 (2d Cir. 1997), then evidence showing that Customs employees would provide unfavorable information about her to prospective employers could be relevant. Therefore, evidence relating to Walker's conversation with Oparnica will not be excluded in the event defendant places evidence before the jury that plaintiff failed to mitigate her damages.

Defendant also moves the Court to preclude Linda Oparnica from testifying about the conversation and exclude Mike Rankin's deposition testimony concerning the conversation. Those requests are not opposed by plaintiff, and will therefore be granted.

B.  Evidence Relating to Photographs of Plaintiff

Defendant moves to exclude two photographs of plaintiff purportedly taken in 1996 and 1998, arguing that they should be excluded as a Rule 37 sanction for plaintiff's having failed to provide them to defendant during discovery, that they lack foundation and authentication, and that they are irrelevant.

Trial courts have discretion in deciding whether to exclude evidence under Rule 37(c)(1). *Haas v. Delaware and Hudson Ry. Co.*, 282 Fed.Appx. 84, 86 (2d Cir.2008). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Id.* Plaintiff seeks to use the photographs to show that her termination had a significant impact on her health and well-being. Defendant represents to the Court in its Motion that "plaintiff has undergone a number of facial plastic surgeries since her termination and has suffered from an addiction to prescription pain killers, prescription sleep medications and opiates on and off for the past fifteen years." It is

clear to the Court from defendant's representation that defendant is currently in possession of enough information to respond to plaintiff's argument, and there is no danger that defendant will be "sandbagged."

Defendant's bald assertion that the photographs lack foundation and authentication is without support, and the Court will afford plaintiff the opportunity to lay a foundation for, and authenticate, the photographs in question. The photographs may be relevant to a determination of the extent of the damages plaintiff suffered, if any. To the degree to which plaintiff asserts that her termination had a significant impact on her health and well-being, defendant will have the opportunity on cross-examination and in its case in chief to present evidence it deems relevant about the photographs. Defendant's Motion as it relates to the two photographs of plaintiff will therefore be denied.

C. Evidence Relating to Plaintiff's "Mitigation Documents"

Defendant moves to exclude evidence relating to plaintiff's alleged attempt find other work; specifically, job advertisements plaintiff allegedly found and emails she allegedly sent to potential employers. Defendant argues that there is doubt as to whether the advertisements were actually posted during the relevant time period and as to whether the emails were actually sent and received. Such questions go to their authenticity, and if a proper foundation is laid for admission, to the weight that they are to be given by a jury, not their admissibility. Perplexingly, defendant also contends that the documents will be needlessly cumulative because plaintiff may testify to her efforts to find other employment. Such an objection, if appropriate, can be made at trial. Defendant's Motion as it relates to evidence relating to plaintiff's alleged attempt find other work will therefore be denied.

D. Evidence Relating to Plaintiff's Earnings

Defendant moves to exclude plaintiff's earning statements and tax returns from 2005 to the

present. That portion of the Motion is not opposed by plaintiff, and will therefore be granted.

  E. Evidence Relating to Customs Agents' Alleged Misconduct

Defendant moves to exclude evidence relating to several areas of alleged misconduct by various Customs agents. Plaintiff opposes defendant's Motion only with respect to an alleged "yarmulke incident," which consisted of Customs agents "dancing and mocking the wearing of" the traditional Jewish head covering. Defendant claims that plaintiff will not offer testimony of any witness with personal knowledge of the incident, and her evidence thereof consists entirely of inadmissible hearsay. Plaintiff offers no rebuttal to defendant's claim, other than a conclusory description of her evidence as "non-hearsay evidence." Therefore, defendant's Motion as it relates to evidence of alleged agent misconduct will be granted. However, if there is evidence of such alleged misconduct that would be appropriate for introduction at trial, plaintiff's counsel may reurge that portion of the Motion with the supporting evidence within ten (10) days of the entry of this order.

  F. Plaintiff's Allegation that Thomas Flood Wanted her to Lie to the Grand Jury

Defendant moves to exclude evidence relating to plaintiff's allegation that Supervisory Criminal Investigator Thomas Flood wanted her to commit perjury. Defendant's sole basis for the Motion is plaintiff's counsel Ronald Tonkin's June 1, 2004 letter to defense counsel Leslie Brodsky, in which Tonkin ostensibly stated that plaintiff would not pursue that allegation. The Court disagrees. Tonkin merely wrote that he "decided that [he] will not pursue any suborn perjury evidence regarding the U.S. Attorneys Office for the Eastern District of New York," of which Flood is not a part. If such evidence is otherwise relevant, and at this juncture the Court presumes it to be, this portion of defendant's Motion must be denied.

**III.     Conclusion**

Based on the foregoing, it is

**ORDERED** that defendant's Omnibus Motion in Limine [Rec. Doc. 137] is GRANTED with respect to the proposed testimony of Linda Oparnica, the deposition testimony of Mike Rankin, evidence relating to plaintiff's earnings, and evidence relating to the enumerated areas of Customs agents' alleged misconduct, and DENIED with respect to other evidence relating to Marvin Walker's conversation with Oparnica, the two photographs of plaintiff, plaintiff's "mitigation documents," and evidence relating to plaintiff's allegation that Flood wanted her to commit perjury.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

August 9, 2010
Brooklyn, NY